In re Application of John E. Neylon. John E. Neylon, doing business as Neylon Brothers Freight Lines, Lincoln, Nebraska, appellant, v. Nebraska State Railway Commission et al., appellees.

38 N. W. 2d 558

Filed July 7, 1949. No. 32515.

H. B. Muffly, and Chambers, Holland & Groth, for appellant.

Davis, Stubbs & Healey, and John L. Riddell, for appellees.

Heard before SIMMONS, C. J., CARTER, MESSMORE, YEAGER, CHAPPELL, WENKE, and BOSLAUGH, JJ.

WENKE, J.

This is an appeal from a ruling of the Nebraska State Railway Commission, which will hereinafter be referred to as the commission. It is, in effect, a companion case to In re Application of Neylon, *ante* p. 587, 38 N. W. 2d 552.

The record discloses that on March 3, 1942, there was issued to Clarence J. Calabria, doing business as C. & H. Motor Freight Company, Omaha, Nebraska, and who will hereinafter be referred to as Calabria, upon his application in M-6504, Supplement No. 1, a certificate of public convenience and necessity. This certificate, as of February 5, 1948, authorized Calabria to engage in the services of handling commodities generally, except those requiring special equipment, over a regular route from Omaha to and from Aurora via U. S. No. 6 to Lincoln, thence via U. S. No. 34 to Aurora and all intermediate points, with off-route points of Friend, Fairmont, and Henderson.

On February 5, 1948, Calabria and John E. Neylon, doing business as Neylon Brothers Freight Lines, Lincoln, Nebraska, and who will hereinafter be referred to as Neylon, filed their joint application in M-8664, Supplement No. 1, for the transfer of these operating rights to Neylon.

On February 10, 1948, at executive session and without hearing or notice upon any interested parties, the commission entered the following order: "Upon motion agreed to by all Commissioners, transfer of certificate issued in M-6504, Supp. #1, Clarence J. Calabria, d/b/a C. & H. Motor Freight Company, Omaha, Nebraska, to M-8664, Supp. No. 1, John E. Neylon, d/b/a Neylon Bros. Freight Lines, Lincoln, Nebraska, was granted and certificates consolidated."

On February 13, 1948, the secretary of the commis-

sion, by letter, notified Neylon of the action taken and advised him that, "A copy of the formal order will be forwarded to you."

On the same day the director of the Motor Transportation Department notified Neylon that although his application had been granted he could not operate thereunder until he had complied with certain requirements relating to insurance and R. C. plates. The record discloses that on January 13, 1948, and February 5, 1948, Neylon filed, and on the same day the commission approved, policies of insurance. Likewise it shows that on January 30, 1948, February 6, 1948, and March 1, 1948, Neylon paid annual dues. See section 75-226, R. S. Supp., 1947, and 75-239, R. S. 1943.

On February 25, 1948, McAllister Transfer, Inc., of York, Nebraska, a motor carrier authorized to operate routes between York and Grand Island, Lincoln, Omaha via Lincoln, and elsewhere, filed objection to the application in M-8664, Supplement No. 1. These objections, as amended March 2, 1948, alleged that Calabria had never operated part of the route authorized by his certificate and had willfully abandoned all operations thereunder. It asked that a hearing be held on the application and that all interested parties be notified thereof.

On March 5, 1948, Neylon filed a motion to strike these objections. On the same day the commission overruled this motion. Without notice to either Neylon or Calabria the commission, on March 5, 1948, entered the following order:

"IT IS THEREFORE ORDERED by the Nebraska State Railway Commission that the action taken in Application No. M-8664, Supplement No. 1, of John E. Neylon, dba Neylon Brothers Freight Lines, Lincoln, Nebraska, on February 10, 1948, be, and the same is hereby, reconsidered and held for naught.

"IT IS FURTHER ORDERED that said application be, and the same is hereby, referred to the Motor Transportation Department for hearing."

Thereafter, on March 15, 1948, Neylon filed a motion asking for a rehearing. This motion the commission overruled. It is from the overruling thereof that Neylon appeals.

In view of our holding in In re Application of Neylon, *supra,* Neylon was not, at the time he filed the joint application or at any time any action was taken thereon, a "motor carrier" within the meaning of the act. See section 75-223 (8), R. S. 1943.

Our holding in In re Application of Neylon, *supra,* is applicable to the situation herein and controlling. The appeal is dismissed.

APPEAL DISMISSED.